## The guardianship of LIZZIE L. HAMLEN and ELLA W. HAMLEN.

THE Surrogate ordered the bond of a general guardian to be prosecuted where there had been a palpable breach of its condition, and the guardian had died, leaving no will, and there was no administration of his goods in this State.

BARRETT & REDFIELD, *for Petitioner.*

THE SURROGATE. Henry T. Moore was appointed by the Surrogate the general guardian of these infants, in 1866. He gave a bond in the penalty of $28,400, that being double the sworn amount of the personal property of the infants, and of the rents and profits of their real estate, during their respective minorities. The bond was executed by the guardian, and also by two sureties (two sureties being required by the usage established in this office during my term); and is filed in this office.

The guardian having neglected to file in the Surrogate's office his annual inventory and account, as required by section 57 of the act of 1837 (chapter 460), the Surrogate, as required by that act (section 60), proceeded against the guardian by issuing a citation to him to appear and show cause why he should not be removed from his guardianship. The guardian appeared, in obedience to this cita-

tion, and tendered. an account, by which he admitted receipts of principal, amounting in the aggregate to $20,758.35, and claimed to have invested $20,000 on bond and mortgage, and to have a cash balance of $758.35 on hand. His receipts of income amounted to $3,374.95; of which, all, except $1,224.13, had been expended for the infants, leaving a balance of that amount to be carried to principal account. No vouchers were offered.

Not being satisfied with this account, I notified the guardian to attend and exhibit the mortgages, &c., in which the principal of the fund was claimed to be invested, but, on the day before that to which the proceeding was adjourned for that purpose, the guardian committed suicide, by blowing out his brains, dying in the State of New Jersey. He left no will, as appears by the petition before me, and no administration upon his goods has been granted in the State of New York.

Lizzie V. Hamlen, mother of the infants, thereupon applied for and received letters of guardianship, and now presents her petition, setting forth the above facts, and averring that no part of the property of the wards so received by their late general guardian can be found among his assets, and that he entirely squandered and converted to his own use, in his lifetime, the whole of the moneys received by him as such guardian, and neglected to discharge the duty of a guardian to such minors, according to law, and did not render a true and just account of all moneys and property received by him, and of the application thereof, and of his guardianship; and that he has thus violated the condition of his bond, as guardian. She further avers that she has discovered that the mortgages, in which the late guardian, in his account, professed to have invested $20,000 of the infant's money, are wholly fictitious, no such sum having been invested; or, if invested, the said mortgages were made to Henry T. Moore, individually, and not as guardian. She, therefore, prays that the bond of the

late guardian, retained by the Surrogate among the papers of his office, be prosecuted by direction of the Surrogate.

The statute provides as to the general guardian's bond: "The bond so taken shall be retained by the Surrogate, among the papers of his office; and, in case of any breach of the condition thereof, may be prosecuted in the name of the ward, although he may not have arrived at full age, by his next friend or guardian, whenever the Surrogate shall direct." (3 *R. S.*, *5th ed.*, *p.* 244, § 9.)

It appears to me that this is such a case as the statute contemplates; that there has been an apparent breach of the condition of the guardian's bond; that the only prompt and efficient remedy is the one provided, and which is asked for; and that no other probable means exist for making good the estate of the infant. Under the circumstances I shall direct the bond to be prosecuted.